[Cite as *Bank of Am., NA v. Wise*, 2014-Ohio-3091.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| BANK OF AMERICA, N.A. | JUDGES:<br>Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 14 CA 11 |
| STEVEN L. WISE, et al. | |
| Defendants-Appellants | O P I N I O N |


CHARACTER OF PROCEEDING: Civil Appeal from the Court of Common Pleas, Case No. 12 CV 557


JUDGMENT: Affirmed


DATE OF JUDGMENT ENTRY: July 14, 2014


APPEARANCES:

For Plaintiff-Appellee                        For Defendants-Appellants

J. BRADLEY LEACH                         BRIAN K. DUNCAN
GREGORY H. MELICK                       BRYAN D. THOMAS
LUPER, NEIDENTHAL & LOGAN          DUNCAN LAW GROUP
50 West Broad Street, Suite 1200       600 South High Street, Suite 100
Columbus, Ohio  43215                     Columbus, Ohio  43215

*Wise, J.*

{¶1} Appellants Steven Wise, Ricki Wise, James Lyons, Judy Lyons and Brian Urbanski appeal the decision of the Court of Common Pleas, Fairfield County, which granted summary judgment to appellee Bank of America, NA, in a foreclosure lawsuit.

## STATEMENT OF THE FACTS AND CASE

{¶2} On September 23, 2008, Appellants Steven Wise, James Lyons and Judy Lyons executed a Promissory Note to United Wholesale Mortgage. United Wholesale Mortgage subsequently indorsed the Note to Countrywide Bank, FSB, who, in turn, indorsed the Note in blank. Bank of America, NA, is in possession of the Note.

{¶3} The mortgage in this matter was executed on September 23, 2008, by Ricki Wise, James Lyons and Judy Lyons, in favor of MERS, as nominee for United Wholesale Mortgage. MERS subsequently assigned the Mortgage to Bank of America, NA, on August 30, 2011.

{¶4} Due to a default on the note and mortgage, Bank of America, NA, filed its Complaint in Foreclosure on August 30, 2010.

{¶5} Appellant Ricki Wise, who is the ex-wife of Appellant Steven Wise, filed a pro se Answer requesting she be dismissed from the foreclosure action, stating that she had "nothing financially to do with the property".

{¶6} On October 25, 2012, Bank of America filed a motion for summary judgment against Appellant Ricki Wise for the purpose of foreclosing her dower interest as she was only a signer on the mortgage and not the note.

{¶7} On March 8, 2013, the trial court granted summary judgment in favor of Bank of America against Ricki Wise.

{¶8}   On June 17, 2013, the Bank filed a Motion for Summary Judgment against Appellants Steven Wise, James Lyons, Judy Lyons and Brian Urbanski as Trustee, and an Affidavit in Support of Summary Judgment.

{¶9} On July 1, 2013, Appellants filed a combined Motion to Strike Plaintiff's Motion for Summary Judgment; Motion for 56(F) continuance; and Memorandum Contra Plaintiff's Motion for Summary Judgment.

{¶10} The trial court granted the requested continuance and rescheduled the non-oral hearing date on the summary judgment motion.

{¶11} Appellants now appeal, assigning the following error for review:

## ASSIGNMENT OF ERROR

{¶12} "I. THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BECAUSE THERE WERE GENUINE ISSUES OF MATERIAL FACT AND PLAINTIFF WAS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW."

## STANDARD OF REVIEW - SUMMARY JUDGMENT

{¶13} Our standard of review is de novo, and as an appellate court, we must stand in the shoes of the trial court and review summary judgment on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212(1987).

{¶14} Civil Rule 56(C) states in part:

{¶15} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the

action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

{¶16} Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the non-moving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 604 N.E.2d 138(1992).

{¶17} The party seeking summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence that demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Vahila v. Hall*, 77 Ohio St.3d 421, 429, 674 N.E.2d 1164(1997), *citing Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264(1996).

{¶18} This appeal shall be considered in accordance with the aforementioned rules.

## I.

{¶19} Appellants' sole Assignment of Error argues that the trial court erred in granting summary judgment in favor of Bank of America. We disagree.

{¶20} In support of its motion for summary judgment, Appellee Bank of America submitted to the trial court a copy of the Note, indorsed in blank, a copy of the mortgage, and a copy of the assignment from the original mortgagee, executed prior to

the filing of the foreclosure action. Appellee also supported its motion with an affidavit stating that it had possession of the Note, currently and at the time of the filing of the action, that it is the assignee of the Mortgage, that Appellants were in default, and that the balance owed on the note was $188,553.51.

### Holder in Due Course

{¶21} Appellants on appeal, argue for the first time that Bank of America was not entitled to summary judgment because it was not a holder in due course on the Note. 'It is well established that a party cannot raise any new issues or legal theories for the first time on appeal.' " *Carrico v. Drake Construction,* 5th Dist. Stark App. No. 2005 CA 00201, 2006–Ohio–3138, ¶ 37, quoting *Dolan v. Dolan,* Trumbull App. Nos. 2000–T–0154 and 2001–T0003, 2002–Ohio–2440, ¶ 7. See also, *Cincinnati Insurance Company v. Colelli & Associates, Inc.* (June 17, 1998), Wayne App. No. 97CA0042

{¶22} R.C. §1303.31 provides:

{¶23} (A) "Person entitled to enforce" an instrument means any of the following persons:

{¶24} (1) The holder of the instrument;

{¶25} (2) A non-holder in possession of the instrument who has the rights of a holder;

{¶26} (3) A person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 1303.38 or division (D) of section 1303.58 of the Revised Code.

{¶27} (B) A person may be a "person entitled to enforce" the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

{¶28} R.C. §1301.201, provides,

{¶29} (21) "Holder" means:

{¶30} (a) The person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession;

{¶31} (b) The person in possession of a negotiable tangible document of title if the goods are deliverable either to bearer or to the order of the person in possession; or

{¶32} (c) The person in control of a negotiable electronic document of title.

{¶33} The note attached to the complaint was endorsed in blank converting the note to bearer paper. R.C. §1303.25(B) reads,

{¶34} "Blank indorsement" means an indorsement that is made by the holder of the instrument and that is not a special indorsement. When an instrument is indorsed in blank, the instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed.

{¶35} Because the note is payable to the bearer, negotiation of the note is accomplished by transfer of possession alone. There is no dispute Bank of America is

the current holder of the note, indorsed in blank. Further, there is no dispute the Bank is the holder of the mortgage.

Notice of Acceleration

**{¶36}** Appellants also argue that Appellee failed to assert that it followed the proper procedure in accelerating the balance due on the Note.

**{¶37}** Civ.R. 9(C) provides: "In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred." By contrast, "[a] denial of performance or occurrence shall be made *specifically and with particularity.*" (Emphasis added.) *Id.* Conditions precedent that are not denied in the manner provided by Civ.R. 9(C) are deemed admitted. *Fifth Third Mtge. Co. v. Orebaugh,* 12th Dist. No. CA2012–08–153, 2013–Ohio–1730, ¶ 29, citing *First Financial Bank v. Doellman,* 12th Dist. No. CA2006–02–029, 2007–Ohio–222, ¶ 2; *see also* Civ.R. 8(D); *Huntington v. Popovec,* 7th Dist. No. 12 MA 119, 2013–Ohio–4363, ¶ 15.

**{¶38}** Upon review of the Complaint in this matter, we find that at Paragraph 8, Appellee averred:

**{¶39}** "Plaintiff states that, with respect to the Note and Mortgage, it has satisfied all conditions precedent that are required before Plaintiff may declare a default, accelerate the balance due to Plaintiff, or commence this foreclosure action."

**{¶40}** This is sufficient under Civ.R. 9(C) to shift the burden to Appellants to assert failure to provide notice of acceleration.

**{¶41}** In their Answer, Appellants did not allege that they did not receive notice of default or that notice was not properly sent prior to acceleration of the loan.

{¶42} Because Appellants failed to state with the specificity required by Civ.R. 9(C), precisely which conditions precedent Bank of America failed to comply with before filing the instant foreclosure action, they are barred from later contesting the noncompliance in their brief in opposition to summary judgment, and consequently, now on appeal. *See, e.g., Satterfield v. Adams Cty./Ohio Valley School Dist.,* 4th Dist. No. 95CA611, 1996 WL 655789, *5 (Nov. 6, 1996) (where defendant failed to specifically deny performance of a condition precedent in its answer pursuant to Civ.R. 9(C) compliance was deemed admitted and defendant could not subsequently raise the issue on appeal.) *See also Huntington, supra* at ¶ 16 (homeowner was barred from contesting bank's performance of conditions precedent where she failed to file an answer.)

### Assumption of the Risk

{¶43} Finally, Appellants attempt to argue that Appellee assumed the risk in this case due to its knowledge of the default status of the note and mortgage in this case at the time of the assignment.

{¶44} The Third District Court of Appeals has rejected the argument that the assumption the risk doctrine may apply to a foreclosure action:

{¶45} " Next, the Richisons contend that there is a genuine issue of material fact as to whether the assumption of risk doctrine applies in a foreclosure action. We disagree.

{¶46} "Determining whether the assumption of risk doctrine applies in a foreclosure action is an issue of law. The Richisons fail to cite any authority applying the assumption of risk doctrine in a foreclosure action, and a review of Ohio case law

yields no support for this assertion. Because the Richisons fail to support their argument with authority as required by App.R. 16(A)(7), we decline to address it. App.R. 12(A)(2). We summarily note, however, that the assumption of the risk doctrine is primarily, if not exclusively, a defense against a claim of negligence. Therefore, we find that without authority in support of their argument, the assumption of the risk doctrine is not a defense in a foreclosure action." *Flagstar Bank, F.S.B. v. Richison,* 3rd Dist. Union No. 14–12–01, 2012–Ohio–3198, ¶ 17–18.

**{¶47}** In the present case, Appellants fail to cite to any authority applying the assumption of the risk doctrine to a foreclosure action. We agree that the assumption of the risk doctrine is relevant to a negligence action, not to the defense of a foreclosure action

**{¶48}** Based on the foregoing, the trial court correctly concluded no genuine issue of material fact exists concerning the Bank's possession of the note. Therefore, the trial court did not err in granting summary judgment to the Bank.

{¶49} Appellants' Assignment of Error is overruled.

{¶50} For the forgoing reasons, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.

By: Wise, J.

Hoffman, P. J., and

Baldwin, J., concur.